UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
ZACKARY T. HARRIS,              )    2:07-cv-01081-HDM-RAM
                                )
          Plaintiff,            )
                                )    ORDER
vs.                             )
                                )
SAN JOAQUIN COUNTY, et al.,     )
                                )
          Defendants.           )
_____)
```

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983.

On November 20, 2008, the court issued a order granting defendants an extension of time in which to file a motion for summary judgment and served the order on plaintiff. On December 12, 2008, the order served on plaintiff was returned by the U.S. Postal Service as undeliverable. Then, on November 24, 2008, the court issued a minute order referring this action to the magistrate judge and served the order on plaintiff. On December 30, 2008, the

1

order served on plaintiff was returned by the U.S. Postal Service as undeliverable.

Pursuant to Local Rule 83-183(b), a party appearing in propria persona is required to keep the court apprised of his or her current address at all times. Local Rule 83-183(b) provides, in pertinent part:

> If mail directed to a plaintiff <u>in propria persona</u> by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty (60) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

In the instant case, sixty days have passed since plaintiff's mail was first returned and he has not notified the court of a current address.

In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439 (9th Cir. 1988). The court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case has been pending more than 20 months. The court cannot hold this case in abeyance indefinitely based on plaintiff's failure to notify the court of his address. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence

2

1  of unreasonable delay in prosecuting an action.  *Anderson v. Air
2  West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor --
3  public policy favoring disposition of cases on their merits -- is
4  greatly outweighed by the factors in favor of dismissal discussed
5  herein.  Finally, given the court's inability to communicate with
6  plaintiff based on plaintiff's failure to keep the court apprised
7  of his current address, no lesser sanction is feasible.
8       Accordingly, unless the plaintiff objects on or before
9  Tuesday, March 17, 2009, the court will dismiss this action for
10 failure to prosecute.
11      **IT IS SO ORDERED.**
12      DATED: This 25th day of February, 2009.

_____
UNITED STATES DISTRICT JUDGE

3